H. Tim Hoffman (SBN 049141)
Arthur W. Lazear (SBN 083603)
Chad A. Saunders (SBN 257810)
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, California 94612
Tel:(510)763-5700
Fax:(510)835-1311
Email: cas@hoffmanandlazear.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY DARDARIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICEMAX INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

## I. INTRODUCTION

1. California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require the cardholder, as a condition to accepting the credit card as payment, to provide the customer's personal identification information, which the retailer then causes to be written, or otherwise records it upon the credit card transaction form or elsewhere.

2. Defendant operates retail stores throughout the United States, including California.

Defendant is utilizing a policy whereby Defendant's cashiers both request and record credit card numbers and personal identification information ("PII") from customers using credit cards at the point-of-sale in Defendant's retail establishments, in violation of California Civil Code section 1747.08. Defendant's acts and practices as described herein were at all times intentional.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant uses PII obtained from the cardholder to acquire additional personal information, including the cardholder's physical residential address, by pairing the PII with the cardholder's name obtained from the credit card. Such conduct is performed intentionally and without the knowledge or consent of the cardholder, and is of potentially great benefit to the Defendant.

4. Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member. If successful, this action will enforce an important right affecting the public interest and will confer significant benefits, both pecuniary and non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over all the state claims under the Class Action Fairness Act, 28 U.S.C. §1332(d), because, Plaintiff is informed and believes, and thereon alleges, that the combined claims of proposed class members exceed $5,000,000 exclusive of interest and costs, and the parties are citizens of diverse jurisdictions.

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because Defendant conducts business in the district, is subject to personal jurisdiction in the district, and a substantial part of the events giving rise to the claims occurred in the district.

7. Pursuant to Civil L.R. 3-2 (c) and (d), this action is properly assigned to the San Francisco or Oakland Division, because a substantial portion of the events giving rise to this dispute

occurred in Contra Costa County, California.

### III. THE PARTIES

**A. Plaintiff**

8. Plaintiff NANCY DARDARIAN (herein referred to as "Plaintiff) is a resident of Contra Costa County California, and entered into a retail transaction with Defendant at one of Defendant's California stores.

9. Plaintiff brings this class action against Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class of persons hereinafter defined (herein referred to as the "Class").

**B. Defendant**

10. Defendant OFFICEMAX INCORPORATED is a Delaware corporation (herein referred to as "Defendant"). Plaintiff is informed and believes, and thereon alleges, that Defendant's principal place of business is located in Illinois. Defendant operates retail stores throughout California, including stores in Contra Costa County.

### IV. CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW

**A. Plaintiff's Contact with Defendant**

11. Within the last 12 months, Plaintiff went to Defendant's retail store located in Contra Costa County, California.

12. Plaintiff entered Defendant's store and proceeded to select a product that Plaintiff intended to purchase from the store.

13. After selecting an item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

14. Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's uniform policy, then requested personal

identification information in the form of a ZIP code from Plaintiff, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's personal identification information.

15. Plaintiff, believing that she was required to provide her ZIP code to complete the transaction, told Defendant's employee Plaintiff's ZIP code.

16. Defendant's employee then typed and recorded Plaintiff's personal identification information into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

17. Defendant's employee informed Plaintiff of the amounts due to Defendant for the products Plaintiff had selected. Plaintiff then utilized a credit card to complete the transaction. At this point in the transaction, Defendant had Plaintiff's credit card number, name and ZIP code recorded in its databases.

18. Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the electronic cash register after Plaintiff's credit card number was recorded.

19. Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with her purchased items.

## V. PLAINTIFF'S CLASS ACTION ALLEGATIONS

20. The proposed Class is defined as: all persons in California from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction within one (1) year of the filing of this case, or any other case in which Plaintiff is a member of a proposed class (the "Class"). Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded

persons or entities.

21.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote, and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Prosecuting hundreds of identical, individual lawsuits statewide does not promote judicial efficiency or equity and consistency in judicial results. Relief concerning Plaintiff's rights under the law alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

23.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

24.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

   a. whether each Class member engaged in a credit card transaction with Defendant;

   b. whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

Class Action Complaint                                5

c. whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal identification information of the cardholder constitutes violations of California Civil Code section 1747.08;

d. whether Plaintiff and the Class are entitled to injunctive relief; and

e. whether Plaintiff and the Class have sustained damages, and the proper measure of damages.

25. Plaintiff's claims are typical of those of the other Class members because Plaintiff and every other Class member was exposed to virtually identical conduct, and each is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

26. Plaintiff can fairly and adequately represent the interests of the Class; she has no conflicts of interest with other Class members, and she has retained counsel competent and experienced in class action and civil litigation.

**FIRST CAUSE OF ACTION: VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]**

27. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 26 of this Complaint.

28. California Civil Code section 1747.08 prohibits any corporation that accepts credit cards for the transaction of business from requesting the cardholder to provide personal identification information, which the corporation then records in conjunction with a credit card transaction.

29. Defendant is a corporation that accepts credit cards for the transaction of business.

30. During credit card transactions entered into at Defendant's stores on each and every day during the one-year period preceding the filing of this Class Action Complaint through the present, Defendant utilized, and continues to utilize, a policy whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers

Class Action Complaint 6

using credit cards at the point-of-sale in Defendant's retail establishments.

31. It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who, while using a credit card, purchases any product from any of Defendant's stores in the State of California.

32. Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF AND THE CLASS PRAY for judgment against Defendant as follows:

1. For an award to Plaintiff and to each member of the Class of the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

2. That the Court preliminarily and permanently enjoin Defendant from utilizing a policy whereby Defendant's cashiers both request and record personal identification information and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments;

3. That the Court certifies this action as a class action;

4. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5. For costs of the suit;

6. For prejudgment interest at the legal rate; and

7. For such other relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: | HOFFMAN & LAZEAR |
| 2 | | |
| 3 | | By _____ |
| 4 | | H. TIM HOFFMAN<br>Attorney for Plaintiffs |