EXHIBIT "1"

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by and between plaintiff Nancy Dardarian ("Dardarian"), on behalf of herself and others similarly situated, and Nathan Thoms ("Thoms") on the one hand and defendant OfficeMax North America, Inc. ("OfficeMax") on the other hand. Nancy Dardarian, Nathan Thoms, (collectively, "Plaintiffs") and OfficeMax collectively are referred to herein as the "Parties," or, respectively, as a "Party."

## RECITALS

WHEREAS, on March 1, 2011, plaintiff Nancy Dardarian filed a putative class action complaint against OfficeMax in the United States District Court for the Northern District of California, entitled *Nancy Dardarian v. OfficeMax Incorporated*, Case No. 4:11-cv-00947-SBA, alleging violations of the Song-Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747.08, *et seq*. (the "Dardarian Action");

WHEREAS, on March 4, 2011, plaintiff Nathan Thoms filed a putative class action complaint against OfficeMax in the Superior Court of the State of California, County of San Francisco, entitled *Nathan Thoms v. OfficeMax Incorporated, et al.*, Case No. CGC-11-508828, alleging OfficeMax violated the Song-Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747.08, *et seq*. (the "Thoms Action");

WHEREAS, on May 6, 2011, OfficeMax removed the Thoms Action to the United States District Court for the Northern District of California, Case No. 3:11-cv-02233-WHA;

WHEREAS, on July 27, 2011, the Thoms Action was ordered related to the Dardarian Action and reassigned to the Honorable Saundra Brown Armstrong for all further proceedings;

WHEREAS, the Dardarian Action and the Thoms Action were consolidated for all purposes as *Nancy Dardarian v. OfficeMax North America, Inc*, Case No. 4:11-cv-00947-SBA (the "Consolidated Action"), and Plaintiffs filed a Consolidated Complaint on December 15, 2011;

WHEREAS, on December 30, 2011, OfficeMax filed its Answer to the Consolidated Complaint;

WHEREAS, on January 18, 2012, the Consolidated Action was reassigned to Judge Yvonne Gonzalez Rogers for all purposes with the Case Number 4:11-cv-00947-YGR;

WHEREAS, on February 21, 2012, the Parties participated in a mediation before the Hon. David Garcia (Ret.) at the JAMS Judicial Arbitration, Mediation, and ADR Services offices located in San Francisco, California;

WHEREAS, on September 19, 2012, Dardarian filed a Motion for Class Certification, which OfficeMax opposed;

WHEREAS, on January 28, 2013, OfficeMax filed a Motion for Summary Judgment to Dismiss Nathan Thoms' Complaint;

WHEREAS, on October 25, 2012, November 30, 2012, and January 30, 2013 the Parties participated in Settlement Conferences before Magistrate Judge Nandor J. Vadas, and on November 14, 2012, December 18, 2012, and January 2, 2013 the Parties participated in telephone conferences before Judge Vadas, which resulted in this Agreement; WHEREAS, the Parties have exchanged information formally and informally and evaluated the legal and factual merits of the claims and defenses asserted in the Action.  Based on this evaluation, Plaintiffs maintain the Action has merit, while OfficeMax disputes and denies any liability with respect to the allegations made or that could have been made in the Action and further denies that, other than for settlement purposes, this Action is appropriate for certification as a class action;

WHEREAS, the Parties have each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued litigation of this Action and the likely appeals of any rulings in favor of either Plaintiffs or OfficeMax;

WHEREAS, the Parties, through their counsel, have engaged in arm's-length negotiations concerning a resolution of the Action;

WHEREAS, it is the intention of the Parties and the objective of this Agreement to avoid the costs of further litigation and trial, and settle and dispose of, fully and completely and forever, the claims released herein and described below;

NOW THEREFORE, in consideration of the foregoing and of the mutual promises, covenants and agreements contained herein, the releases of claims provided herein, and for other good and valuable consideration, the Parties hereby agree as set forth below.

## SECTION 1
## DEFINITIONS

As used in this Agreement, the terms set forth in this section in boldface type shall have the meanings set forth below.

**1.1**    **"Action"** means the Consolidated Action (as defined in the Recitals to this Agreement) entitled *Nancy Dardarian v. OfficeMax North America, Inc.*, Case No. 4:11-cv-00947-YGR, and all related civil actions, including the Thoms Action (as defined in the Recitals to this Agreement).

**1.2**    **"Agreement"** means this Class Action Settlement Agreement and Release, including all exhibits attached hereto.

**1.3**    **"Claim Form"** refers to the means by which any Settlement Class Member can make a claim.  The Claim Form shall be substantially in the form attached as Exhibit A.

**1.4**   **"Claimant"** means any person who submits a complete, accurate and timely Claim Form, which, after verification by the Settlement Administrator, confirms that such person is a Settlement Class Member.

**1.5**   **"Claimant Benefit"** means an OfficeMax Merchandise Voucher with a value of ten dollars ($10) in accordance with terms set forth in Section 2.3(a) of this Agreement.

**1.6**   **"Class Counsel"** means the law firms of Stonebarger Law, APC and Hoffman Libenson Saunders & Barba.

**1.7**   **"Class Representative"** means plaintiff Nancy Dardarian.

**1.8**   **"Court"** means the Honorable Yvonne Gonzalez Rogers, United States District Court for the Northern District of California, or such other judge to whom the Action may hereafter be assigned.

**1.9**   **"Effective Date"** means either (a) the date thirty (30) days from the entry of Final Judgment and Order Approving Settlement or (b) in the event that a motion for reconsideration, an appeal, or other effort to obtain review of the Final Judgment and Order Approving Settlement or the Court's order(s) regarding Class Counsel's attorneys' fees request has been initiated, the date thirty (30) days after such reconsideration, appeal, or review has been finally concluded and is no longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise.

**1.10**   **"Fairness Hearing"** means the hearing at or after which the Court will make a final decision on whether to grant Final Approval of this Agreement as fair, reasonable, and adequate.

**1.11**   **"Final Judgment and Order Approving Settlement"** or **"Final Approval"** mean the order finally certifying the Settlement Class and approving the settlement and this Agreement, as contemplated in Section 3.12 of this Agreement.

**1.12**   **"Guaranteed Voucher Distribution"** means the aggregate value of six hundred thousand dollars ($600,000.00) in Merchandise Vouchers to be distributed in California OfficeMax retail stores in the form of $5 Merchandise Vouchers as provided by this Agreement.

**1.13**   **"Notice"** means the method of communication of this settlement and Agreement to the Settlement Class, as contemplated in Section 3.2 of this Agreement, and approved by Class Counsel, OfficeMax's Counsel, and the Court.  The Notice shall be substantially in the forms attached as Exhibit B (**"E-Mail Notice"**), Exhibit C (**"In-Store Notice"**), and Exhibit D (**"Full Notice"**) hereto.

**1.14**   **"Parties"** means plaintiff Nancy Dardarian, on behalf of herself and the Settlement Class, plaintiff Nathan Thoms, and OfficeMax.

**1.15**   **"Plaintiffs"** mean Nancy Dardarian and Nathan Thoms, collectively.

**1.16**   **"Preliminary Approval Order"** or **"Preliminary Approval"** mean the order provisionally certifying the Settlement Class; determining that plaintiff Nancy Dardarian adequately represents the Settlement Class and shall be its Class Representative; appointing Stonebarger Law, APC and Hoffman Libenson Saunders & Barba as Class Counsel; approving Notice to the Settlement Class; setting deadlines to provide Notice, submit Claim Forms, object, and opt out; setting a date for the Fairness Hearing; and staying all proceedings in the Action until Final Approval, as contemplated in Section 3.1 of this Agreement.

**1.17**   **"Request for Exclusion"** means a request made by a Settlement Class Member to opt out or be excluded from the Settlement Class.

**1.18**   **"Settlement Administrator"** means or refers to the professional claims administrator retained by OfficeMax, with notice to Dardarian, to effectuate the settlement contemplated in this Agreement.

**1.19**   **"Settlement Class"** or **"Settlement Class Member(s)"** mean all persons who, between March 1, 2010 and February 22, 2011, used a consumer credit card to make a purchase in an OfficeMax retail store located in California, and whose personal ZIP code was requested and recorded in conjunction with the consumer credit card transaction. Excluded are persons from whom OfficeMax requested and recorded a ZIP code for a special purpose incidental, but related to the consumer credit card transaction, including, but not limited to, shipping, delivery, servicing, installation, special orders, customer loyalty program applications, and OfficeMax-branded credit card applications. These terms shall not include any persons who validly and timely submit a request for exclusion, as set forth in Section 3.8 of this Agreement. OfficeMax stipulates to this Settlement Class for settlement purposes only.

**1.20**   **"OfficeMax"** means defendant OfficeMax North America, Inc. and each of its subsidiaries, affiliates, parent companies, and divisions.

**1.21**   **"OfficeMax's Counsel"** means the law firm of Seyfarth Shaw LLP and Jeffrey D. Neumeyer and Elham Marder of OfficeMax Incorporated's Legal Department.

## SECTION 2
## SETTLEMENT TERMS

**2.1**   **Certification of the Settlement Class.**  For purposes of settlement and the proceedings contemplated by this Agreement only, Dardarian and OfficeMax stipulate and agree that a Settlement Class shall be provisionally certified pursuant to Federal Rule of Civil Procedure 23 in accordance with the definition of Settlement Class contained in Section 1.19, that plaintiff Nancy Dardarian shall be the Class Representative and shall represent the Settlement Class for settlement purposes, and that the law firms of Stonebarger Law, APC and Hoffman Libenson Saunders & Barba shall be appointed as Class Counsel for the Settlement Class. Dardarian shall apply to the Court for entry of the Preliminary Approval Order, as provided in Section 3.1 of this Agreement.

**2.2**   **Decertification of the Settlement Class if Settlement Not Approved.** OfficeMax does not consent to certification of the Settlement Class for any purpose other than to effectuate settlement of the Action. If the Court does not enter Final Approval of the settlement

- 4 -

reflected in this Agreement, or if for any other reason the Effective Date does not occur, any certification of any Settlement Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into. In the event that Final Approval is not achieved: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that OfficeMax did not oppose the certification of a Settlement Class under this Agreement, or that the Court preliminarily approved the certification of a Settlement Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

     **2.3**     **Settlement Benefits.** OfficeMax shall distribute the Claimant Benefits as follows:

     **(a)**     **Benefits to Settlement Class Members Who Make Claims.** Each Claimant shall be provided with an OfficeMax Merchandise Voucher with a value of ten dollars ($10.00). The $10.00 Merchandise Voucher is transferable with a 90-day redemption period and standard terms, including (i) one Merchandise Voucher may be used per customer per transaction; (ii) the Merchandise Voucher cannot be combined with any other Merchandise Voucher, coupon, offer, discount, OfficeMax Customer Perks, and/or Retail Connect pricing; (iii) the Merchandise Voucher is valid on regular, sale, promotional and/or clearance priced items; (iv) the Merchandise Voucher is not valid on purchases of gift cards, general-use prepaid cards, phone cards, Virgin Mobile devices, or U.S. postage stamps; (v) the Merchandise Voucher is not valid on prior purchases or for credit card payments; (vi) the Merchandise Voucher is void if copied, sold, purchased, taxed and where prohibited; (vii) the original Merchandise Voucher must be surrendered at time of purchase; (viii) the Merchandise Voucher is not redeemable for cash and no cash or credit back; (ix) the Merchandise Voucher is only redeemable at a California OfficeMax retail location. Each Claimant is entitled to receive only one merchandise voucher regardless of the number of qualifying credit card purchases.

     **(b)**     **Guaranteed Voucher Distribution.** Within five (5) days of the beginning of the OfficeMax fiscal quarter starting at least forty-two (42) days following the Effective Date, OfficeMax will begin to distribute one hundred and twenty thousand (120,000) Merchandise Vouchers with a value of $5.00 each to customers who make purchases in OfficeMax California retail stores. Notwithstanding the foregoing, if the OfficeMax fiscal quarter immediately following the Effective Date begins less than 42 days following the Effective Date, OfficeMax at its sole election may begin the Merchandise Voucher distribution within five (5) days of the beginning of that OfficeMax fiscal quarter as opposed to waiting until the subsequent OfficeMax fiscal quarter. The Merchandise Vouchers will be valid beginning no later than thirty (30) days after the start of such OfficeMax fiscal quarter and continuing until the end of the OfficeMax fiscal quarter in which they are issued. The $5.00 Merchandise Voucher will be freely transferable with standard terms, including (i) one Merchandise Voucher may be used per customer per transaction; (ii) the Merchandise Voucher cannot be combined with any other Merchandise Voucher, coupon, offer, discount, OfficeMax Customer Perks, and/or Retail Connect pricing; (iii) the Merchandise Voucher is valid on regular, sale, promotional and/or clearance priced items; (iv) the Merchandise Voucher is not valid on purchases of gift cards,

general-use prepaid cards, phone cards, Virgin Mobile devices, or U.S. postage stamps; (v) the Merchandise Voucher is not valid on prior purchases or for credit card payments; (vi) the Merchandise Voucher is void if copied, sold, purchased, taxed and where prohibited; (vii) the original Merchandise Voucher must be surrendered at time of purchase; (viii) the Merchandise Voucher is not redeemable for cash and no cash or credit back; (ix) the Merchandise Voucher is only redeemable at a California OfficeMax retail location.

      **2.4**    **Attorneys' Fees and Costs.** The amount of attorneys' fees and costs was negotiated at arm's length, and only after agreement was reached on all substantive terms of the settlement.

Plaintiffs will file any papers supporting Class Counsel's request for attorneys' fees and costs with the Court on a date set by the Court prior to the deadline for Settlement Class Members to object to the settlement. The Parties have agreed to a floor of $200,000.00 and a ceiling of $500,000.00 in attorneys' fees and costs and agree not to appeal an award within the foregoing amounts to the Ninth Circuit Court of Appeals. Plaintiffs agree not to petition the Court for more than $500,000.00 for attorneys' fees and costs. OfficeMax preserves its right to oppose any application for attorneys' fees and costs in excess of $200,000.00. OfficeMax further preserves its right to challenge any fees and costs in any amount relating to Nathan Thoms' claims against OfficeMax. Regardless, in no event shall OfficeMax be liable for any attorneys' fees or costs in excess of $500,000.00. A reduction by the Court or by an appellate court of the attorneys' fees and costs award sought by Class Counsel below the floor of $200,000.00 shall not affect the Parties' rights and obligations under this Agreement. OfficeMax shall pay the attorneys' fees and costs awarded by the Court within ten (10) business days of the Effective Date.

      **2.5**    **Class Representative Incentive Award.** At the same time Plaintiffs file the request for attorneys' fees and costs with the Court, Dardarian shall apply to the Court for a class representative incentive award in an amount not to exceed $4,500.00. Dardarian and Class Counsel contend this award is requested in recognition of plaintiff Nancy Dardarian's efforts and activities in furtherance of litigation and resolving this Action. OfficeMax agrees not to oppose Dardarian's request for a class representative incentive award up to $4,500.00, but in no event shall OfficeMax be liable for any incentive award in excess of such amount. A reduction by the Court or by an appellate court of the incentive award shall not affect any of the Parties' rights and obligations under this Agreement. OfficeMax shall pay the incentive award ordered by the Court within ten (10) business days of the Effective Date.

      **2.6**    **Payment to Named Plaintiff not Serving as Class Representative.** In consideration for the General Release of the named plaintiff Nathan Thoms, OfficeMax agrees to pay $1,750.00 to resolve his individual claims within ten (10) business days of the Effective Date. In doing so, OfficeMax does not admit that Nathan Thoms has any valid claim against OfficeMax and specifically reserves its right to challenge the application for attorneys' fees and costs on the basis that Nathan Thoms has no valid claims.

      **2.7**    **Settlement Implementation Costs.** OfficeMax shall bear all reasonable costs of retaining the Settlement Administrator to effectuate the settlement contemplated in this Agreement and providing Notice to the Settlement Class in the manner set forth in Section 3.2.

## SECTION 3
## CLASS SETTLEMENT PROCEDURES

**3.1    Preliminary Approval.**    As soon as practicable after execution of this Agreement, Dardarian shall apply for Preliminary Approval of the settlement.  The application must request that the Court:

**(a)**    Preliminarily approve this Agreement as being fair, reasonable, and adequate;

**(b)**    Preliminarily approve the form, manner, and content of the E-Mail Notice, In-Store Notice, Full Notice, and Claim Form described in Sections 3.2 and 3.4, and attached as Exhibits A-D;

**(c)**    Set deadlines to provide Notice, submit Claim Forms, object, and opt out;

**(d)**    Set the date and time for the Fairness Hearing, which shall be no earlier than ninety (90) days after OfficeMax serves the CAFA Notice provided for in Section 3.3;

**(e)**    Provisionally certify the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

**(f)**    Stay all proceedings in the Action until Final Approval;

**(g)**    Appoint plaintiff Nancy Dardarian as Class Representative for settlement purposes only; and

**(h)**    Appoint the law firms of Stonebarger Law, APC and Hoffman Libenson Saunders & Barba as Class Counsel for settlement purposes only.

The Preliminary Approval Order shall be substantially similar to the form attached as Exhibit E.

**3.2    Notice**.  Subject to Court approval, Dardarian and OfficeMax agree that after entry of the Preliminary Approval Order, Notice to the Settlement Class shall be provided as follows:

**(a)    In Store Notice.**  Starting no later than forty-two (42) days after Preliminary Approval, OfficeMax will post and/or place for thirty (30) days a tear-away written notice at customer service near the point of sale in its California retail stores, substantially similar to the In-Store Notice attached as Exhibit C, which will include instructions on how to access the Full Notice (Exhibit D) and Claim Form (Exhibit A) that will be available via the Settlement Website and via mail upon request.

**(b)    Settlement Website.**  Starting no later than fourteen (14) business days after Preliminary Approval, the Settlement Administrator shall establish an Internet-based website and post a detailed notice substantially similar to the Full Notice attached as Exhibit D and the Claim Form attached as Exhibit A.  The Settlement Website shall be active through the Effective Date.

(c)     **Notice by Electronic Mail.**  Starting no later than forty-two (42) days after Preliminary Approval, OfficeMax will send electronic mail communications which are substantially similar to the E-mail Notice attached as Exhibit B to all of their MaxPerks members for whom it possesses a valid e-mail address and who engaged in a credit card purchase transaction in one of its California retail stores between March 1, 2010 and February 22, 2011 wherein a five digit zip code was recorded.  The electronic message shall notify the recipient of this settlement and that he or she may be a Settlement Class Member who is entitled to make a claim. The electronic message shall include a link to the Claims Administrator's Settlement website, in plain text format, and will instruct the recipient to copy and paste the link into their web browser in order to view the full notice and to submit a claim.

3.3     **CAFA Notice.**  Within ten (10) days after this Agreement is filed with the Court, OfficeMax shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

3.4     **Claim Form.**  To qualify for the Claimant Benefit, Settlement Class Members must complete and timely submit a Claim Form to the Settlement Administrator within forty-five (45) days after the deadline set by the Court for OfficeMax to provide In-Store and E-mail Notice.

(a)     Timeliness of a Claim Form shall be determined by the date postmarked by the postal service or other expedited delivery service, or, if submitted electronically through the Settlement Website, the date the Settlement Administrator receives the Claim Form, as evidenced by the transmission receipt.

(b)     A Claim Form shall be complete if the required information is provided and it is signed (under penalty of perjury).

(c)     Within five (5) business days after the deadline for submission of Claim Forms, the Settlement Administrator will review the Claim Forms and provide a summary to OfficeMax and Class Counsel indicating the total number of claims submitted.

(d)     If, in the good faith exercise of its discretion, OfficeMax forms a reasonable belief that circumstances exist that indicate that a claim or claims may not have been submitted in good faith, OfficeMax may, after meeting and conferring with Class Counsel, direct the Settlement Administrator to contact the person or persons who submitted the claim(s) to require supplemental information, which may include, but will not necessarily be limited to, the amount of any transaction and/or the store receipt or credit card statement showing the transaction that formed the basis of the Claim.  Any person that submits a claim that is subject to this Section will not be determined to be a Claimant until Dardarian and OfficeMax agree or the Court determines, as provided in Section 3.10, that such person is a Claimant.

3.5     **Objections.**  Any putative Settlement Class Member who wishes to object to the settlement must file a signed, written objection with the Court and serve copies on Class Counsel and OfficeMax's Counsel, within the deadline set by the Court.  Written objections must set forth the following:

      **(a)**      the case caption *Nancy Dardarian v. OfficeMax North America, Inc.* (Case No. 4:11-cv-00947-YGR);

      **(b)**      the full name, address, and telephone number of the person objecting;

      **(c)**      the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at an OfficeMax retail store located in California between March 1, 2010 and February 22, 2011;

      **(d)**      the location of the OfficeMax store(s) in which the credit card transaction(s) described in Section 3.5(c) took place;

      **(e)**      the word "Objection" at the top of the document; and

      **(f)**      the legal and factual arguments supporting the objection.

    **3.6**    **Response to Objections.**  At the same time Dardarian files for Final Approval, Dardarian shall also file responses to any objections submitted by putative Settlement Class Members.  Class Counsel must draft the response to the objections and give OfficeMax's Counsel a draft of the response to review at least five (5) business days before the deadline for filing responses to the objections.  OfficeMax shall be permitted, but not required, to file its own brief or statement in response to any objections.

    **3.7**    **Intention to Appear at Fairness Hearing.**  Any putative Settlement Class Member who wishes to be heard at the Fairness Hearing must file a signed, written Notice of Intention to Appear with the Court and serve copies on Class Counsel and OfficeMax's Counsel, within the deadline set by the Court.  The Notice of Intention to Appear must set forth the following:

      **(a)**      the case caption *Nancy Dardarian v. OfficeMax North America, Inc.*(Case No. 4:11-cv-00947-YGR);

      **(b)**      the full name, address, and telephone number of the person intending to appear at the Fairness Hearing;

      **(c)**      the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at a OfficeMax retail store located in California between March 1, 2010 and February 22, 2011;

      **(d)**      the location of the OfficeMax store(s) in which the credit card transaction(s) described in Section 3.7(c) took place;

      **(e)**      the words "Notice of Intention to Appear" at the top of the document;

      **(f)**      the points the person wishes to speak about at the Fairness Hearing; and

      **(g)**      the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

**3.8     Requests for Exclusion/Opt Outs.**  Any person who wishes to request to be excluded from or opt out of the settlement must submit a written, signed Request for Exclusion to the Settlement Administrator, within the deadline set by the Court.  The Request for Exclusion must set forth the following:

> **(a)**     the case caption *Nancy Dardarian v. OfficeMax North America, Inc.(Case No. 4:11-cv-00947-YGR)*;

> **(b)**     the full name, address, and telephone number of the person requesting to be excluded;

> **(c)**     the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at a OfficeMax retail store located in California between March 1, 2010 and February 22, 2011;

> **(d)**     the location of the OfficeMax store(s) in which the credit card transaction(s) described in Section 3.8(c) took place;

> **(e)**     the words "Request for Exclusion" at the top of the document; and

> **(f)**     a declaration stating "I request that I be excluded from the Settlement in *Nancy Dardarian v. OfficeMax North America, Inc.* (Case No. 4:11-cv-00947-YGR).  I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the settlement."

The Request for Exclusion must be personally signed by the Settlement Class Member who seeks to opt out; no Settlement Class Member may opt out by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of the Settlement Class Member.  No opt out request may be made on behalf of a group of Settlement Class Members.

Each Settlement Class Member who does not submit a Request for Exclusion substantially in compliance with this section within the deadline set by the Court shall be deemed to participate in the settlement and all releases provided in this Agreement.  For purposes of determining timeliness, Requests for Exclusion shall be deemed to have been submitted on the date postmarked by the postal service or other expedited delivery service.

OfficeMax's Counsel shall provide a list of all Requests for Exclusion to Class Counsel within ten (10) business days after the opt out deadline set by the Court.

**3.9     Effect of Opt Outs by Settlement Class Members**.  If more than one thousand (1,000) prospective Settlement Class Members opt out, then OfficeMax shall have the option to rescind this Agreement, in which case all of OfficeMax's obligations under this Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled.  If OfficeMax exercises this option, it shall provide Dardarian with written notice of its election within fifteen (15) business days of the Request for Exclusion deadline set by the Court, at which point the Parties shall return to their respective positions that existed prior to the execution of this Agreement.  No term of this Agreement or any draft thereof, or the negotiation,

- 10 -

documentation, or other part of aspect of the Parties' settlement discussions, shall have any effect or be admissible as evidence for any purpose in the Action, or in any other proceeding.

**3.10    Disputed Claims**.  In the event of any issue over the completeness, accuracy, timeliness, or validity of any Claim Form or Request for Exclusion, Dardarian and OfficeMax shall meet and confer in good faith for the purpose of resolving the issue and, if the issue cannot be resolved, shall submit the dispute to the Court for resolution.

**3.11    Proof of Notice.**  Before the Fairness Hearing, on or before the date set by the Court, OfficeMax shall file with the Court a declaration confirming that Notice has been provided to the Settlement Class in accordance with Section 3.2 of this Agreement.

**3.12    Final Approval**.  Before the Fairness Hearing, on or before the date set by the Court, Dardarian shall apply for Final Approval of the Settlement.  The Final Judgment and Order Approving Settlement shall be substantially similar to the form attached as Exhibit F.

**3.13    Distribution of Claimant Benefit.**  Within forty-two (42) days of the Effective Date, OfficeMax, through the Settlement Administrator, shall mail the Claimant Benefit to Claimants.

**SECTION 4**
**DISMISSAL AND RELEASES**

**4.1    Obtaining Approval.**  As soon as practicable after execution of this Agreement, Class Counsel shall take all necessary steps to secure Preliminary Approval and Final Approval of the Agreement by the Court, including, responding to any objectors, intervenors, or other persons or entities seeking to preclude approval of this Agreement.

**4.2    Dismissal of the Action With Prejudice.**  The Final Judgment and Order Approving Settlement shall include provisions for the dismissal of this Action with prejudice with each Party to bear all of its own costs and fees, except as expressly provided herein.

**4.3    Plaintiffs' Release of OfficeMax.**  Plaintiffs, and each of Plaintiffs' successors, assigns, legatees, heirs, personal representatives, and all those who claim through them or who assert claims on their behalf, hereby release and forever discharge OfficeMax and each of OfficeMax's sister and subsidiary corporations, affiliated entities, parent companies, predecessors, successors, assigns, and any of their present and former directors, officers, employees, shareholders, agents, partners, licensors, privies, representatives, attorneys, accountants, and all persons acting by, through, under or in concert with them, or any of them, from any and all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any act, omission, or other conduct alleged in the Action, including but not limited to California Civil Code section 1747.08 (including all subsections) that has or could have been alleged or otherwise referred to in the Action.

**4.4    The Settlement Class Release of OfficeMax.**  Upon the Effective Date, the Settlement Class Members who have not validly and timely requested exclusion from the Settlement Class, and each of their respective successors, assigns, legatees, heirs, personal representatives, and all those who claim through them or who assert claims on their behalf, hereby release and forever discharge OfficeMax and each of OfficeMax's sister and subsidiary corporations, affiliated entities, parent companies, predecessors, successors, assigns, and any of their present and former directors, officers, employees, shareholders, agents, partners, licensors, privies, representatives, attorneys, accountants, and all persons acting by, through, under or in concert with them, or any of them, from any and all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any act, omission, or other conduct alleged in the Action, including, but not limited to, California Civil Code section 1747.08 (including all subsections), that has or could have been alleged or otherwise referred to in the Action (the "Released Claims") between March 1, 2010 and the date of entry of the Preliminary Approval Order.

**4.5    Waiver of California Civil Code Section 1542.**  In consideration for this Agreement and the consideration set forth herein, Plaintiffs and each member of the Settlement Class who has not validly and timely requested exclusion from the Settlement Class, acknowledge that the Released Claims herein to OfficeMax includes potential claims and costs that may not be known or suspected to exist, and that Plaintiffs and the Settlement Class hereby agree that all rights under California Civil Code section 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived.  California Civil Code section 1542 states as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**4.6    Defendant's Release of Named Plaintiffs and Plaintiffs' Counsel.**  Upon the Final Settlement Date, Defendant will release Named Plaintiffs and Plaintiffs' counsel from any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of this Action, including, but not limited to, claims for attorneys' fees, costs of suit, or sanctions of any kind.

## SECTION 5
## ADDITIONAL PROVISIONS

**5.1    No Admission of Liability.**  This Agreement reflects the compromise and settlement of disputed claims between the Parties.  Its provisions, and any and all drafts, communications, or discussions relating thereto, do not constitute, are not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either Party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in the Action, nor the waiver of any defense.

**5.2    Non-Publicity:**  Neither party shall issue any press release, hold any press conference, or take any other action the purpose of which is to cause the settlement or its terms to be covered or reported in any news media.  If contacted by any news media, the parties shall not comment other than to state that the settlement is fair and reasonable.

**5.3    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement.

**5.4    Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, and that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

**5.5    Voluntary Agreement.**  This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.  Each Party has made such investigation of the facts pertaining to this Agreement and of all other matters pertaining hereto as they deem necessary.

**5.6    Real Parties in Interest.**  In executing this Agreement, the Parties warrant that they, including Nancy Dardarian in her representative capacity on behalf of the Settlement Class, are the only persons having any interest in any of the claims that are described or referred to herein, or in the any of the pleadings, records, and papers in the Action, and, except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.7    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.  The Parties hereto represent and warrant that each signatory hereto has the full right and authority to enter into this Agreement and bind the Party on whose behalf he, she, or it has executed this Agreement.

**5.8    Agreement Binding on Successors in Interest.**  This Agreement shall be binding on and inure to the benefit of the respective successors, heirs, and assigns of the Parties.

**5.9    Time Periods.**  The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and modification by the Court or by written stipulation of counsel for the Parties.

**5.10    Mutual Full Cooperation.**  The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution and delivery of any and all additional papers, documents, and other assurances and taking such other action that may be reasonably necessary to implement the terms of this Agreement.  The Parties and their counsel shall use their best efforts, including all efforts contemplated by this Agreement

- 13 -

and any other efforts that may become necessary by order of the Court, to effectuate this Agreement and the terms set forth herein.

   **5.11    Entire Agreement.**  The Exhibits to this Agreement are integral parts of the Agreement and are hereby incorporated and made a part of this Agreement.  This Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the subject matter hereof.  This Agreement is executed without reliance upon any promise, representation, or warranty by any Party or any representative of a Party, other than those expressly set forth herein.  Any inconsistency between this Agreement and the attached exhibits will be resolved in favor of this Agreement.

   **5.12    Headings.**  The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

   **5.13    No Construction Against Drafter.**  This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

   **5.14    Amendment and Modification.**  This Agreement may not be altered, or modified, except in writing and signed by the Parties hereto, their successors in interest, or their duly authorized representatives, and approved by the Court.

   **5.15    Governing Law.**  This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with those laws.

   **5.16    Signatures.**  Signature by facsimile or in PDF format shall have the same force and effect as original signatures.

   **5.17    Execution Date and Execution in Counterparts.**  This Agreement shall be deemed executed upon the last date of signature of all of the undersigned.  The Parties may execute this Agreement in counterparts, each of which shall constitute original, but all of which together shall constitute one and the same instrument having the same force and effect as if all Parties had signed the same instrument.

IN WITNESS THEREOF, the Parties hereto, by and through their respective counsel of record, have so agreed.

**AGREED**

Date:                                CLASS REPRESENTATIVE

_____

Plaintiff Nancy Dardarian

Date: *April 24, 2013*           PLAINTIFF

_____

Plaintiff Nathan Thoms

Date: 4/23/13            STONEBARGER LAW, APC

_____

Gene J. Stonebarger
Counsel for Plaintiffs and the Settlement Class

Date:                                HOFFMAN LIBENSON SAUNDERS &
BARBA

_____

Chad A. Saunders
Counsel for Plaintiffs and the Settlement Class

IN WITNESS THEREOF, the Parties hereto, by and through their respective counsel of record, have so agreed.

**AGREED**

Date:  4/23/13

CLASS REPRESENTATIVE

Plaintiff Nancy Dardarian

Date:

PLAINTIFF

_____

Plaintiff Nathan Thoms

Date:

STONEBARGER LAW, APC

_____

Gene J. Stonebarger
Counsel for Plaintiffs and the Settlement Class

Date:  4/23/13

HOFFMAN LIBENSON SAUNDERS &
BARBA

_____

Chad A. Saunders
Counsel for Plaintiffs and the Settlement Class

- 15 -

Date:   April 22, 2013

SEYFARTH SHAW LLP

Michael J. Burns
Counsel for OfficeMax North America, Inc.

Date: 4-22-2013

OFFICEMAX NORTH AMERICA, INC.

Jeffrey D. Neumeyer
Counsel for OfficeMax North America, Inc.

- 16 -

EXHIBIT "A"

## CLAIM FORM

***Nancy Dardarian v. OfficeMax North America, Inc.,***
United States District Court for the Northern District of California
Case No. 4:11-cv-00947-YGR

### THIS CLAIM FORM MUST BE SUBMITTED BY NO LATER THAN [DATE]

Please fill out the following form completely (fill out Sections I through III) and submit it online or by mail to:

OfficeMax's Class Action Settlement Administrator
Name
Address

By timely submitting this Claim Form, and upon verification that you are a Class Member, you will be included in the Class identified in the Full Notice and the Class Action Settlement Agreement and Release. If you also submit a Request for Exclusion, this Claim Form will be deemed invalid. You are entitled to receive only one Merchandise Voucher, regardless of the number of qualifying credit card purchases.

## I.    CONTACT INFORMATION

Please type or legibly print the following information:

Full Name:                     _____

Home Street Address:           _____

City, State, ZIP Code:         _____

Telephone Number:              (_____) _____

MaxPerks Reward #              _____
(if any)

## II.   PURCHASE INFORMATION

Please substantiate that you made a consumer credit card purchase transaction at a California OfficeMax retail location between March 1, 2010 and February 22, 2011 by doing **one (1)** of the following:

Declare the following under penalty of perjury:

I used a consumer credit card to make a purchase at an OfficeMax retail store located in California between March 1, 2010 and February 22, 2011 and provided my personal ZIP code in response to a request by an OfficeMax cashier during the consumer credit card transaction.

Please type or legibly print the following information:

First 6 Digits for Credit Card Used: _____

Last 4 Digits of Credit Card Used: _____

Type of Credit Card Used (e.g. VISA, Mastercard): _____

Store Location: _____

**OR**

   Please submit a copy of the sales receipt(s) for your consumer credit card purchase transaction(s) at a California OfficeMax retail location between March 1, 2010 and February 22, 2011.

**OR**

   Please submit a copy of your consumer credit card statement(s) reflecting your purchase transaction(s) at a California OfficeMax retail location between March 1, 2010 and February 22, 2011.  Please redact/blackout the first 12 digits of your credit card number (leaving the last 4 digits of your credit card number visible) and all non-OfficeMax purchases from your statement(s).

**III.  CERTIFICATION**

IF SUBMITTED ELECTRONICALLY:

☐  **I agree that by submitting this Claim Form, I certify under penalty of perjury of the laws of the United States of America and California that the foregoing is true and correct to the best of my knowledge, and that checking this box constitutes my electronic signature on the date of its electronic submission.**

IF SUBMITTED BY U.S. MAIL:

   **I declare under penalty of perjury of the laws of the United States of America and California that the foregoing is true and correct to the best of my knowledge.**

   Dated: _____   Signature: _____

*Only after the Settlement Administrator verifies and confirms that you are a Class Member will you receive the OfficeMax Merchandise Voucher described in the Full Notice and the Class Action Settlement Agreement and Release.*

EXHIBIT "B"

**[E-MAIL NOTICE]**

**<u>Notice of Proposed Settlement of Class Action</u>**

You are hereby notified that there is pending in the United States District Court for the Northern District of California a class action lawsuit entitled *Dardarian v. OfficeMax North America, Inc.*, Case No. 4:11-cv-00947-YGR (the "Action").  A proposed settlement of the Action has been preliminarily approved.

If you used a consumer credit card to make a purchase in an OfficeMax retail store located in California between March 1, 2010 and February 22, 2011, and your ZIP code was requested and recorded, you might be a member of the class in the Action.  If you are a Class Member, then the proposed settlement will affect your legal rights and obligations.

Under the proposed settlement, OfficeMax has agreed to provide Class Members who submit a complete, accurate, valid, and timely Claim Form with an OfficeMax voucher for $10.00, as described more fully in the full notice of the proposed settlement.

You can obtain the full notice of the proposed settlement and Claim Form from the Settlement Administrator's website by copying and pasting the following URL into your browser [**WEBSITE**], by calling the Settlement Administrator toll free at [**PHONE NUMBER**], or by requesting this information from the Settlement Administrator by mail:

*Dardarian v. OfficeMax North America, Inc.* Settlement Administrator
**[MAILING ADDRESS]**
**[CITY], [STATE] [ZIP CODE]**

You must act on or before [**DATE**] to file a claim to determine if you are eligible to receive a voucher.  You must act on or before [**DATE**] to request to be excluded from the settlement or to object to the proposed settlement.  If you do not request to be excluded from the settlement before [**DATE**], you will be deemed to have released OfficeMax from all claims described in the full notice.

EXHIBIT "C"

**[IN-STORE NOTICE]**

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

**If you used a consumer credit card to make a purchase in an OfficeMax retail store located in California between March 1, 2010 and February 22, 2011 and your ZIP code was requested and recorded, you might be a Class Member in a lawsuit entitled *Dardarian v. OfficeMax North America, Inc.,* Case No. 4:11-cv-00947-YGR, pending in the United States District Court for the Northern District of California.  A proposed settlement of this class action has been preliminarily approved.  IF YOU ARE A CLASS MEMBER, THEN THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

Under the proposed settlement, OfficeMax has agreed to provide Class Members who submit a complete, accurate, valid, and timely Claim Form with an OfficeMax voucher for $10.00, as described more fully in the full notice of the proposed settlement.

You can obtain the full notice of the proposed settlement and Claim Form from the Settlement Administrator's website at **[WEBSITE]**, by calling the Settlement Administrator toll free at **[PHONE NUMBER]**, or by requesting this information from the Settlement Administrator by mail:

*Dardarian v. OfficeMax North America, Inc.* Settlement Administrator
**[MAILING ADDRESS]**
**[CITY], [STATE] [ZIP CODE]**

You must act on or before **[DATE]** to file a claim to determine if you are eligible to receive a voucher.  You must act on or before **[DATE]** to request to be excluded from the settlement or to object to the proposed settlement.  **If you do not request to be excluded from the settlement before [DATE], you will be deemed to have released OfficeMax from all claims described in the full notice.**

EXHIBIT "D"

**[FULL NOTICE]**

**LEGAL NOTICE**

TO:     All persons from whom OfficeMax requested and recorded a personal ZIP code in
conjunction with a consumer credit card purchase transaction at a California OfficeMax
retail store from March 1, 2010 through February 22, 2011.  Excluded are persons from
whom OfficeMax requested and recorded a ZIP code for a special purpose incidental, but
related to the consumer credit card transaction, including, but not limited to, shipping,
delivery, servicing, installation, special orders, customer loyalty program applications, and
OfficeMax-branded credit card applications.

**IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS
NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND
OBLIGATIONS.**

A settlement has been proposed in a class action lawsuit pending in United States District
Court for the Northern District of California entitled *Dardarian v. OfficeMax North America, Inc.,*
Case No. 4:11-cv-00947-YGR (the "Action").  This Notice explains the nature of the lawsuit, the
general terms of the proposed settlement, and your legal rights and obligations.

**WHAT IS THE ACTION ABOUT?**

Plaintiff Nancy Dardarian ("Plaintiff") filed a class action lawsuit against OfficeMax
North America, Inc. ("OfficeMax") on behalf of herself and the Class of persons described above.
The lawsuit alleges that OfficeMax violated California Civil Code section 1747.08 by requesting
and recording personal identification information, including ZIP codes, of customers who
purchased merchandise in a California OfficeMax store using a consumer credit card from March
1, 2010 through February 22, 2011 and seeks civil penalties and attorneys' fees.  OfficeMax
denies any wrongdoing and any liability whatsoever, and no court or other entity has made any
judgment or other determination of any liability against OfficeMax.

OfficeMax and Plaintiff (the "Parties") have determined that it is in their best interests to
settle the Action to avoid the expenses, inconveniences, and interferences with ongoing business
operations that are associated with litigation.  In addition, the United States District Court for the
Northern District of California (the "Court") has determined that the Action should proceed as a
class action, for settlement purposes only, with Plaintiff Nancy Dardarian as the Class
Representative, and granted preliminary approval of the settlement, subject to a final fairness
hearing discussed below.

**WHO IS INCLUDED IN THIS CLASS ACTION?**

For settlement purposes only, the Court has certified a class of persons affected by this
action ("Class Members" or "the Class") to be defined as follows:

All persons who, between March 1, 2010 and February 22, 2011, used a consumer
credit card to make a purchase in an OfficeMax retail store located in California,
and whose personal ZIP code was requested and recorded in conjunction with the
consumer credit card transaction.  Excluded are persons from whom OfficeMax

requested and recorded a ZIP code for a special purpose incidental, but related to the consumer credit card transaction, including, but not limited to, shipping, delivery, servicing, installation, special orders, customer loyalty program applications, and OfficeMax-branded credit card applications.

## WHAT DOES THE PROPOSED SETTLEMENT OFFER?

If the Court grants final approval of the settlement, OfficeMax will provide Class Members who submit a timely and valid Claim Form with a single OfficeMax Merchandise Voucher for $10.00.

The $10.00 Merchandise Voucher is transferable with a 90-day redemption period and standard terms, including (i) one Merchandise Voucher may be used per customer per transaction; (ii) the Merchandise Voucher cannot be combined with any other Merchandise Voucher, coupon, offer, discount, OfficeMax Customer Perks, and/or Retail Connect pricing; (iii) the Merchandise Voucher is valid on regular, sale, promotional and/or clearance priced items; (iv) the Merchandise Voucher is not valid on purchases of gift cards, general-use prepaid cards, phone cards, Virgin Mobile devices, or U.S. postage stamps; (v) the Merchandise Voucher is not valid on prior purchases or for credit card payments; (vi) the Merchandise Voucher is void if copied, sold, purchased, taxed and where prohibited; (vii) the original Merchandise Voucher must be surrendered at time of purchase; (viii) the Merchandise Voucher is not redeemable for cash and no cash or credit back; (IX) the Merchandise Voucher is only redeemable at a California OfficeMax retail location. Each Claimant is entitled to receive only one merchandise voucher regardless of the number of qualifying credit card purchases.

In addition, within five (5) days of the beginning of the OfficeMax fiscal quarter starting at least seventy-two (72) days following the final approval, OfficeMax will begin to distribute one hundred and twenty thousand (120,000) Merchandise Vouchers for $5.00 each to customers who make purchases in OfficeMax California retail stores. Notwithstanding the foregoing, if the OfficeMax fiscal quarter immediately following the Effective Date begins less than 42 days following the Effective Date, OfficeMax at its sole election may begin the Merchandise Voucher distribution within five (5) days of the beginning of that OfficeMax fiscal quarter as opposed to waiting until the subsequent OfficeMax fiscal quarter. The Merchandise Vouchers will be valid beginning no later than thirty (30) days after the start of such OfficeMax fiscal quarter and continuing until the end of the OfficeMax fiscal quarter in which they are issued. The $5.00 Merchandise Voucher will be freely transferable with standard terms, including (i) one Merchandise Voucher may be used per customer per transaction; (ii) the Merchandise Voucher cannot be combined with any other Merchandise Voucher, coupon, offer, discount, OfficeMax Customer Perks, and/or Retail Connect pricing; (iii) the Merchandise Voucher is valid on regular, sale, promotional and/or clearance priced items; (iv) the Merchandise Voucher is not valid on purchases of gift cards, general-use prepaid cards, phone cards, Virgin Mobile devices, or U.S. postage stamps; (v) the Merchandise Voucher is not valid on prior purchases or for credit card payments; (vi) the Merchandise Voucher is void if copied, sold, purchased, taxed and where prohibited; (vii) the original Merchandise Voucher must be surrendered at time of purchase; (viii) the Merchandise Voucher is not redeemable for cash and no cash or credit back; (IX) the Merchandise Voucher is only redeemable at a California OfficeMax retail location.

Nancy Dardarian as the Class Representative will request an incentive award of no more than $4,500.00 for her services as Class Representative and her efforts in bringing the Action. The attorneys for the Class, the law firms of Hoffman Libenson Saunders & Barba and Stonebarger Law, APC ("Class Counsel"), will be paid up to a maximum of $500,000.00 for their attorneys' fees and costs.  The Court will make the final decision as to the amounts to be paid to the Class Representative and Class Counsel.  These amounts will not affect the benefits provided to the Class.

## HOW TO RECEIVE YOUR MERCHANDISE VOUCHER.

You must complete a Claim Form and electronically submit the Claim Form through the settlement website located at **[WEBSITE]** or mail it to the Settlement Administrator by no later than **[DATE]**.  Claim Forms can be mailed to the Settlement Administrator at:

*Dardarian, et al. v. OfficeMax North America, Inc.* Settlement Administrator
**[MAILING ADDRESS]**
**[CITY], [STATE] [ZIP CODE]**

If you do not submit a valid and timely Claim Form, you will not receive benefits under the settlement, but you will still be bound by the settlement unless you exclude yourself.

The information provided in your Claim Form and your membership in the Class will be subject to verification by the Settlement Administrator.  If the Settlement Administrator determines that you are not a member of the Class, you may not receive a Merchandise Voucher.

The delivery date for your Claim Form will be deemed to be the date (a) the Claim Form is deposited in the postal service or other expedited delivery service as evidenced by the postmark, in the case of submission by mail, or (b) in the case of submission electronically through the settlement website, the date the Settlement Administrator receives the Claim Form, as evidenced by the transmission receipt.

If you need a Claim Form, you may obtain one by: (1) downloading one at **[WEBSITE]**, or (2) by writing the Settlement Administrator at the address above.  You may also call the Settlement Administrator toll free at **[PHONE NUMBER]**.

## IF THE PROPOSED SETTLEMENT IS APPROVED, YOU WILL LOSE THE RIGHT TO BRING A CLAIM ARISING FROM OR RELATED TO THE CONDUCT ALLEGED IN THIS ACTION.

If the Court approves the proposed settlement, it will enter a judgment in the Action with prejudice as to all Class Members.  Dardarian and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, personal representatives, and all those who claim through them or who assert claims on their behalf, will be deemed to have released and forever discharged OfficeMax, and each of its sister and subsidiary corporations, parent companies, affiliated entities, predecessors, successors, assigns, and any of their present and former directors, officers, employees, shareholders, agents, partners, licensors, privies, representatives, attorneys, accountants, and all persons acting by, through, under or in concert with them, or any of them, from any and all manner of action, causes of action, claims, demands, rights, suits, obligations,

debts, contracts, agreements, promises, liabilities, damages, charges, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any act, omission, or other conduct alleged in the Action, including, but not limited, to California Civil Code section 1747.08 (including all subsections), that has or could have been alleged or otherwise referred to in the Action ("Released Claims").

In addition, with regard to the Released Claims, Dardarian and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, personal representatives, and all those who claim through them or who assert claims on their behalf, will be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

If you want to maintain the right to sue or continue to sue OfficeMax based on claims you may have arising from OfficeMax requesting and recording your personal identification information, you must exclude yourself from the Class, or "opt out," as described below. If you opt out, you will not receive any class benefit.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT.

You may exclude yourself from the Class and the settlement. If you want to be excluded, you must send a written letter by mail to the Settlement Administrator stating:

"I request that I be excluded from the settlement in *Dardarian v. OfficeMax North America, Inc.* (Case No. 4:11-cv-00947-YGR). I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the settlement."

Your letter must also include: (1) the name of the Action, *Dardarian v. OfficeMax North America, Inc.* (Case No. 4:11-cv-00947-YGR); (2) your full name, current address, and telephone number; (3) the date of any transaction(s) in which you used a consumer credit card to make a purchase at a OfficeMax retail store located in California between March 1, 2010 and February 22, 2011; (4) the location of the OfficeMax retail store(s) in which the consumer credit card transaction(s) took place; (5) your signature; and (6) the words "Request for Exclusion" at the top of the document. Your Request for Exclusion must be mailed to the Settlement Administrator at **[ADDRESS]**, postmarked no later than **[DATE]**.

If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against OfficeMax based on the conduct complained of in the Action.

Requests for exclusion that are not postmarked on or before **[DATE]** will not be honored. You cannot exclude yourself by telephone or by e-mail. You cannot exclude yourself by mailing a request to any other address or after the **[DATE]** deadline. The letter must be signed by you. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Class Members sign the letter.

### HOW TO OBJECT TO THE SETTLEMENT.

If you are a Class Member, you can object to the proposed settlement if you do not believe it is fair, reasonable or adequate. If you wish to object to the settlement, you must file a signed, written objection with the Court and serve copies on Class Counsel and OfficeMax's Counsel at the addresses set forth below by no later than **[DATE]**.

| COURT | CLASS COUNSEL | OFFICEMAX'S COUNSEL |
|---|---|---|
| Clerk of the Court | Chad A. Saunders | Michael J. Burns |
| U.S.D.C., N.D. of Cal. | Hoffman Libenson Saunders | Seyfarth Shaw LLP |
| 1301 Clay Street | & Barba | 560 Mission St., 31st Floor |
| Oakland, CA 94612 | 180 Grand Ave., Suite 1550 | San Francisco, CA 94105 |
| | Oakland, CA 94612 | |

Your written objection must state: (1) the name of the Action, *Dardarian v. OfficeMax North America, Inc.* (Case No. 4:11-cv-00947-YGR); (2) your full name, address, and telephone number; (3) the date of any transaction(s) in which you used a consumer credit card to make a purchase at an OfficeMax retail store located in California between March 1, 2010 and February 22, 2011; (4) the location of the OfficeMax retail store(s) in which the consumer credit card transaction(s) took place; (5) the word "Objection" at the top of the document; and (6) a written statement describing in clear and concise terms the legal and factual arguments supporting your objection and any evidence you wish to introduce in support of the objections.

With your objection, you also must file a Proof of Service with the Court stating that you mailed or delivered copies of your objection to Class Counsel and OfficeMax's Counsel at the addresses set forth above.

You may, but need not, file and serve your objection through an attorney of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

### THE FAIRNESS HEARING.

On **[DATE]** at **[TIME]**, a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed settlement's fairness. The hearing will take place before the Honorable Yvonne Gonzalez Rogers in Courtroom 5 (2nd Floor) of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612.

You do not have to appear at the hearing. Class Counsel will answer questions the Court may have. You are, however, welcome to come to the hearing at your own expense.

**HOW TO OBTAIN PERMISSION TO SPEAK AT THE FAIRNESS HEARING.**

If you would like to speak at the Fairness Hearing, you may ask the Court for permission. To do so, you must file a signed, written Notice of Intention to Appear with the Court and serve copies on Class Counsel and OfficeMax's Counsel no later than **[DATE]**. Your Notice of Intention to Appear must include (1) the name of the Action, *Dardarian v. OfficeMax North America, Inc.* (Case No. 4:11-cv-00947-YGR); (2) your full name, address, and telephone number; (3) the date of any transaction(s) in which you used a consumer credit card to make a purchase at an OfficeMax retail store located in California between March 1, 2010 and February 22, 2011; (4) the location of the OfficeMax retail store(s) in which the credit card transaction(s) took place; (5) the words "Notice of Intention to Appear" at the top of the document; (6) the points you wish to speak about at the Fairness Hearing; and (7) the identity (name, address, and telephone number) of any lawyer who will speak on your behalf, if any.

Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and OfficeMax's Counsel at the addresses set forth above, and must be postmarked by **[DATE]**. With your Notice of Intention to Appear, you also must file a Proof of Service with the Court stating that you mailed or delivered copies of your Notice of Intention to Appear to Class Counsel and OfficeMax's Counsel at the addresses set forth above. You cannot speak at the hearing if you have excluded yourself from the Class.

If you submit a written objection, you do not have to come to Court to present your objections. As long as you submitted your written objection on time, the Court will consider it. You also may pay your own lawyer to attend, but this not required.

**HOW TO OBTAIN ADDITIONAL INFORMATION.**

This notice is a summary and does not cover all of the issues and proceedings that have occurred. More details regarding the proposed settlement are contained in the Class Action Settlement Agreement and Release (the "Settlement Agreement"). You can obtain a copy of the Settlement Agreement from the Settlement Administrator by calling toll-free **[PHONE]** or writing to **[ADDRESS]**. You may also view the complete file of the Action, including the Settlement Agreement, at the Office of the Clerk, United States District Court, 1301 Clay Street, Oakland, CA 94612. The Clerk will tell you how to obtain the file for inspection and copying at your own expense. Documents may also be viewed and printed on the Court's website (ecf.cand.uscourts.gov) through PACER at a cost per page viewed. For additional information you may contact Class Counsel at **[PHONE]**.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT REGARDING THIS ACTION OR PROPOSED SETTLEMENT.**

EXHIBIT "E"

1

2

3

4

5

6

7

8                UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | | |
|---|---|---|
| 10 | NANCY DARDARIAN, individually and on behalf of all others similarly situated, | ) ) Case No. 4:11-cv-00947 YGR |
| 11 | | ) |
| 12 | Plaintiff, | ) **[PROPOSED] ORDER GRANTING** ) **PRELIMINARY APPROVAL OF CLASS** |
| 13 | v. | ) **SETTLEMENT AND PROVISIONAL** ) **CLASS CERTIFICATION** |
| 14 | OFFICEMAX NORTH AMERICA, INC., an Ohio corporation, | ) ) |
| 15 | Defendant. | ) ) |
| 16 | | ) |
| 17 | | ) |
| 18 | NATHAN THOMS, individually and on behalf of himself and others similarly situated, | ) ) Case No. 4:11-cv-002233 YGR |
| 19 | | ) |
| 20 | Plaintiffs, | ) |
| 21 | v. | ) ) |
| 22 | OFFICEMAX NORTH AMERICA, INC., an Ohio corporation; and DOES 2 through 50, inclusive, | ) ) ) |
| 23 | Defendants. | ) |

24

25

26

27

28

15180072v.1

Plaintiff Nancy Dardarian in the above-captioned action has submitted an unopposed Motion for entry of an Order Granting Preliminary Approval to Class Action Settlement, determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval. After consideration of the Settlement Agreement and the exhibits attached thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. **Defined Terms.** The Court adopts the defined terms set forth in the Settlement Agreement for purposes of this Order, unless otherwise specified.

2. **Preliminary Approval of Settlement.** The Settlement Agreement, including the Claim Form, E-Mail Notice, In-Store Notice, and Full Notice attached as Exhibits A-D to the Settlement Agreement are preliminary approved, subject to further consideration at the Final Approval Hearing. The Court concludes that the proposed settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and for Defendant OfficeMax North America, Inc. ("OfficeMax") to provide Notice of the proposed settlement to the Settlement Class.

3. **Provisional Certification.** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class is provisionally certified as "all persons who, between March 1, 2010 and February 22, 2011, used a consumer credit card to make a purchase in an OfficeMax retail store located in California, and whose personal ZIP code was requested and recorded in conjunction with the consumer credit card transaction. Excluded are persons from whom OfficeMax requested and recorded a ZIP code for a special purpose incidental, but related to the consumer credit card transaction, including, but not limited to, shipping, delivery, servicing, installation, special orders, customer loyalty program applications, and OfficeMax-branded credit card applications."

4. **Appointment of Class Representative and Class Counsel.** Plaintiff Nancy Dardarian is conditionally appointed as the Class Representative to implement the proposed settlement in accordance with the Settlement Agreement. The law firms of Stonebarger Law,

2

15180072v.1

1   APC and Hoffman Libenson Saunders & Barba are appointed as Class Counsel.  The Class

2   Representative and Class Counsel must fairly and adequately protect the interests of the

3   Settlement Class.

4       5.       **Provision of Notice to the Settlement Class.**  OfficeMax shall provide Notice to

5   the Settlement Class Members of the proposed settlement in the manner specified in Section 3.2

6   of the Settlement Agreement and will pay all costs associated with claims administration and

7   providing notice to Settlement Class Members pursuant to Section 2.7 of the Settlement

8   Agreement.

9       6.       **Request for Exclusion (Opt Out).**  Settlement Class Members who want to be

10  excluded from the proposed settlement must submit a written, signed Request for Exclusion to

11  the Settlement Administrator, within forty five (45) days of the deadline set by the Court for

12  OfficeMax to provide In-Store and E-mail Notice.  The Request for Exclusion must set forth: (a)

13  the name of this Action; (b) the full name, address, and telephone number of the person

14  requesting to be excluded; (c) the date of any transaction(s) in which the putative Settlement

15  Class Member used a consumer credit card to make a purchase at an OfficeMax store located in

16  California between March 1, 2010 and February 22, 2011; (d) the location of the OfficeMax

17  store(s) in which the credit card transaction(s) took place; (e) the words "Request for Exclusion"

18  at the top of the document; and (f) a declaration stating "I request that I be excluded from the

19  Settlement in *Nancy Dardarian v. OfficeMax North America, Inc.,*(Case No. 4:11-cv-00947-

20  YGR).  I understand that by requesting to be excluded from the Settlement Class, I will not

21  receive any benefits under the settlement."

22      7.       **Claim for the Class Benefit.**  Settlement Class Members who want to receive the

23  Claimant Benefit under the Settlement Agreement (an OfficeMax Merchandise Voucher with a

24  value in accordance with the provisions of Section 2.3(a) of the Settlement Agreement) must

25  submit a complete and timely Claim Form to the Settlement Administrator no later than forty

26  five (45) days after the deadline set by the Court for OfficeMax to provide In-Store and E-mail

27  Notice.

28

[PROPOSED] PRELIMINARY APPROVAL ORDER

15180072v.1

8.   **Objection to Settlement.**  Settlement Class Members who have not submitted a timely Request for Exclusion and who want to object to the proposed settlement, must file a signed, written objection with this Court and serve copies on Class Counsel and OfficeMax's Counsel, within forty five (45) days of the deadline set by the Court for OfficeMax to provide In-Store and E-mail Notice.  Written objections must set forth (a) the name of this Action; (b) the full name, address, and telephone number of the person objecting; (c) the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at an OfficeMax store located in California between March 1, 2010 and February 22, 2011; (d) the location of the OfficeMax store(s) in which the credit card transaction(s) took place; (e) the word "Objection" at the top of the document; and (f) the legal and factual arguments supporting the objection.

9.   **Notice of Intention of Appear at Fairness Hearing.**  Any Settlement Class Member who wishes to be heard at the Fairness Hearing must file a signed, written Notice of Intention to Appear with the Court and serve copies on Class Counsel and OfficeMax's Counsel, within forty five (45) days of the deadline set by the Court for OfficeMax to provide In-Store and E-mail Notice.  The Notice of Intention to Appear must set forth: (a) the name of this Action; (b) the full name, address, and telephone number of the person intending to appear at the Fairness Hearing; (c) the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at an OfficeMax store located in California between March 1, 2010 and February 22, 2011; (d) the location of the OfficeMax store(s) in which the credit card transaction(s) took place; (e) the words "Notice of Intention to Appear" at the top of the document; (f) the points the person wishes to speak about at the Fairness Hearing; and (g) the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

10.   **Timelines.**  For purposes of determining timeliness for Settlement Class Member submissions of Requests for Exclusion, Claim Forms, Objections, or Notices of Intention to Appear, the submission shall be deemed to have been made on the date postmarked by the postal service or other expedited delivery service.

4

[PROPOSED] PRELIMINARY APPROVAL ORDER

15180072v.1

11.     **Failure to Act.**  Settlement Class Members who do nothing (i.e., they do not submit a Claim Form, do not submit a Request for Exclusion, or do not object), will be included in the Settlement Class and will be bound by the terms of the Settlement Agreement, if the Court grants final approval of the proposed settlement.  These Settlement Class Members will neither receive the Class Benefit nor be able to pursue any other lawsuit against OfficeMax concerning or relating to the claims alleged in this Action.

12.     **Effect of Termination of Settlement Agreement.**  If the Settlement Agreement terminates for any reason, the following will occur: (a) Settlement Class certification will be automatically vacated; (b) plaintiff Nancy Dardarian will stop functioning as Class Representative; and (c) this action will revert to its pervious status in all respects as it existed before the Parties executed the Settlement Agreement.  This Order does not waive or otherwise impact the Parties' rights or arguments.

13.     **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

14.     **Stay of Proceedings.**  All discovery deadlines, dispositive and class certification motion deadlines, dispositive and class certification hearing dates, pretrial proceeding deadlines, and trial are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement.

15.     **Deadlines.**  The Court sets the following deadlines:

a.     OfficeMax shall provide Notice to the Settlement Class within forty two (42) days of the date of entry of this Order.

b.     Plaintiffs Nancy Dardarian and Nathan Thoms shall file and serve all papers supporting their request for attorneys' fees and costs and Nancy Dardarian's incentive award within forty five (45) days of the date of entry of this Order.   OfficeMax shall file and serve its response/opposition thereto (if any) within forty five (45) days of receipt of Plaintiffs' motion/petition.

[PROPOSED] PRELIMINARY APPROVAL ORDER

15180072v.1

1          c.     Settlement Class Members shall submit Requests for Exclusion,

2 objections, or Claim forms, if they so elect, within eighty seven (87) days of the date of entry of

3 this Order.

4          d.     Responses to any objections submitted by Settlement Class Members shall

5 be filed within one hundred twenty (120) days of the date of entry of this Order.

6          e.     Plaintiff Nancy Dardarian's Motion for Final Approval of the Settlement

7 Agreement and any other papers supporting Final Approval shall be filed within one hundred

8 twenty (120) days of the date of entry of this Order.

9          f.     On _____, 2013, at _____ this Court will hold a

10 Fairness Hearing to determine whether the Settlement Agreement should be finally approved as

11 fair, reasonable, and adequate.  The Court may order the Fairness Hearing to be postponed,

12 adjourned, or continued.  If that occurs, other than posting the new date on the Settlement

13 Website maintained by the Settlement Administrator, OfficeMax will not be required to provide

14 additional notice to Settlement Class Members.

15 **IT IS SO ORDERED.**

16

17 DATED: _____, 2013

18                             _____

19                             Hon. Yvonne Gonzalez Rogers

20

21

22

23

24

25

26

27

28

[PROPOSED] PRELIMINARY APPROVAL ORDER

15180072v.1

EXHIBIT "F"

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10   NANCY DARDARIAN, individually and on   )
     behalf of all others similarly situated,   )   Case No. 4:11-cv-00947 YGR
11                                             )
                    Plaintiff,                 )   **[PROPOSED] FINAL JUDGMENT AND**
12                                             )   **ORDER APPROVING SETTLEMENT**
             v.                                )
13                                             )
     OFFICEMAX NORTH AMERICA, INC., an        )
14   Ohio corporation,                        )
                                              )
15                  Defendant.                 )
                                              )
16                                             )
                                              )
17   _____       )
                                              )
18   NATHAN THOMS, individually and on behalf  )
     of himself and others similarly situated,  )   Case No. 4:11-cv-002233 YGR
19                                             )
                    Plaintiffs,                )
20                                             )
             v.                                )
21                                             )
     OFFICEMAX NORTH AMERICA, INC., an        )
22   Ohio corporation; and DOES 2 through 50,  )
     inclusive,                                )
23                  Defendants.                )

24

25

26

27

28

_____
                [PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER
15180072v.1

Plaintiff Nancy Dardarian in the above-captioned action has submitted a Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). On _____, 2013, this Court held a Fairness Hearing regarding the proposed settlement that is the subject of the motion for Final Approval. The Court has reviewed the papers submitted, including the Motion for Final Approval and supporting papers, the Class Action Settlement Agreement and Release ("Settlement Agreement"), any objections filed with the Court, and the Parties' responses to any objections. Upon consideration of the papers submitted, and arguments made at the hearing on the Motion for Final Approval, the Court finds good cause to grant the Motion.

**THE COURT FINDS AS FOLLOWS:**

1.    The Settlement Agreement is fair reasonable, and adequate.

2.    The Parties adequately performed their obligations under the Settlement Agreement.

3.    Defendant OfficeMax North America, Inc. ("OfficeMax") provided notice to Settlement Class Members in compliance with Section 3.2 of the Settlement Agreement, due process, and Federal Rule of Civil Procedure 23. The notice: (a) fully and accurately informed Settlement Class Members about the lawsuit  and proposed settlement (b) provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefit offered, opt out and pursue their own remedies, or object to the proposed settlement; (c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, appear at the Fairness Hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Fairness Hearing.

4.    An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in tight of the nature of this case, Class Counsel's experience and efforts in prosecuting and resolving this Action, and the benefit obtained for the Settlement Class.

5.    An incentive award to the Class Representative of $_____ is fair and reasonable in light of the time and effort spent by the Class Representative in litigating and resolving this Action on behalf of the Settlement Class.

**THE COURT ORDERS AS FOLLOWS:**

15180072v.1

1.   **Settlement Class Members.**  The Settlement Class is defined as follows: all persons who, between March 1, 2010 and February 22, 2011, used a consumer credit card to make a purchase in an OfficeMax retail store located in California, and whose personal ZIP code was requested and recorded in conjunction with the consumer credit card transaction.  Excluded are persons from whom OfficeMax requested and recorded a ZIP code for a special purpose incidental, but related to the consumer credit card transaction, including, but not limited to, shipping, delivery, servicing, installation, special orders, customer loyalty program applications, and OfficeMax-branded credit card applications.

2.   **Binding Effect of Order.**  This Order applies to all claims or causes of action settled under the Settlement Agreement.  This Order binds all class members, including those who did not properly submit a Request for Exclusion pursuant to this Court's Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification and Section 3.8 of the Settlement Agreement.  This Order does not bind persons who filed timely and valid Requests for Exclusion.

3.   **Release.**  Plaintiffs and all Settlement Class Members who did not properly request exclusion are: (a) deemed to have released and discharged OfficeMax from all claims arising out of or relating to any act, omission, or other conduct alleged in the Action, including all claims released under the Settlement Agreement; and (b) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described herein are set forth in Sections 4.3 through 4.5 of the Settlement Agreement.

4.   **Class Relief.**  OfficeMax shall distribute the Claimant Benefit and the Guaranteed Voucher Distribution as provided in Section 2.3 of the Settlement Agreement.  The Claimant Benefit set forth in Section 2.3(a) of the Settlement Agreement shall be distributed within forty two (42) days of the Effective Date, as defined in Section 1.9 of the Settlement Agreement, to those Settlement Class Members who submitted a complete and timely Claim Form.  OfficeMax will begin to distribute one hundred and twenty thousand (120,000) Merchandise Vouchers, as set forth in Section 2.3(b) of the Settlement Agreement, within five (5) days of the beginning of

3

15180072v.1

the OfficeMax fiscal quarter starting at least forty-two (42) days following the Effective Date. OfficeMax at its sole election may begin the Merchandise Voucher distribution at an earlier time, as set forth in Section 2.3(b) of the Settlement Agreement.

　　　　5.　　**Attorneys' Fees and Cost.**  Class Counsel is awarded $_____ in fees and costs.  OfficeMax shall pay this amount within ten (10) business days of the Effective Date to Stonebarger Law, APC, which shall have responsibility for distributing and apportioning in between other Class Counsel.

　　　　6.　　**Class Representative Incentive Award.**  The Class Representative is awarded $_____ as an incentive award.  OfficeMax shall pay the Class Representative this amount within ten (10) business days of the Effective Date.

　　　　7.　　**Court's Jurisdiction.**  The Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

　　　　**IT IS SO ORDERED.**

DATED: _____, 2013

_____

Hon. Yvonne Gonzalez Rogers

[PROPOSED] FINAL JUDGMENT AND APPROVAL ORDER

15180072v.1