1  Gene J. Stonebarger, State Bar No. 209461
   gstonebarger@stonebargerlaw.com
2  Richard D. Lambert, State Bar No. 251148
   rlambert@stonebargerlaw.com
3  STONEBARGER LAW, APC
   75 Iron Point Circle, Suite 145
4  Folsom, CA 95630
   Telephone:   (916) 235-7140
5  Facsimile:   (916) 235-7141

6
   H. Tim Hoffman, State Bar No. 049141
   hth@hlsblaw.com
7  Chad A. Saunders, State Bar No. 257810
   cas@hlsblaw.com
8  HOFFMAN LIBENSON SAUNDERS & BARBA
   300 Lakeside Drive, Suite 1000
9  Oakland, CA 94612
10 Telephone: (510) 763-5700
   Facsimile: (510) 835-1311
11
   *Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NANCY DARDARIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICEMAX NORTH AMERICA, INC., an Ohio corporation,<br><br>Defendant. | Case No. 4:11-cv-00947 YGR<br><br>**CLASS ACTION**<br><br>**DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT**<br><br>Date: November 5, 2013<br>Time: 2:00 p.m.<br>Courtroom: 5 – 2nd Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |
| NATHAN THOMS, individually and on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICEMAX NORTH AMERICA, INC., an Ohio corporation; and DOES 2 through 50, inclusive,<br>Defendants. | Case No. 4:11-cv-02233 YGR |

I, GENE J. STONEBARGER, declare:

1. I am an attorney duly admitted to practice law before all courts of the State of California, I am a shareholder in the law firm of Stonebarger Law, A Professional Corporation (herein "Stonebarger Law"), and I am one of the attorneys of record for Plaintiffs and the Class herein. I make this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. If called as a witness, I would and could testify to the following:

2. After extensive arms-length negotiations, Plaintiffs and Defendant OfficeMax North America, Inc. ("Defendant" or "OfficeMax") have entered into a revised Class Action Settlement Agreement and Release ("Settlement Agreement"). Plaintiffs' counsel believes the settlement terms are fair, reasonable, and adequate. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit '1'.

3. Plaintiffs engaged in formal discovery and analyzed the relevant legal issues with regards to the claims in, and potential defenses to, the Action. Plaintiffs also considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have considered the costs, risks, and delays associated with the continued prosecution of this time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or Defendant. The Parties believe their respective positions in the Action are meritorious. However, due to the uncertainties and expense of protracted litigation, Plaintiffs decided it is in the best interest of Plaintiffs and the Class to explore mutual resolution of the Action.

4. Accordingly, on February 21, 2012, the Parties participated in an all-day mediation conducted by the Honorable David Garcia (Ret. San Francisco Superior Court Judge) of JAMS, an experienced mediator. On October 25, 2012, November 30, 2012, and January 30, 2013, the Parties participated in Settlement Conferences before Magistrate Judge Nandor J. Vadas, and on November 14, 2012, December 18, 2012, and January 2, 2013, the Parties participated in telephonic settlement conferences before Judge Vadas. As a result of these settlement conferences and telephonic settlement conferences, the Parties ultimately agreed on the material terms to resolve this Action. After the June 18, 2013 hearing on the initial motion

for preliminary approval where the Court expressed its concerns regarding the notice provisions and the timing of attorneys' fees, the settlement agreement was revised pursuant to further negotiations conducted, including a further Settlement Conference with Judge Vadas on August 7, 2013.

5. The settlement takes into account the risk, expense, and complexity of further litigation. Plaintiffs and the Class have retained an expert in the credit card industry and would have to retain additional experts to conduct forensic analysis of the recording and storage of OfficeMax's customer information, as well as experts to testify to the value of the collected information. OfficeMax would vigorously oppose Dardarian's attempt to get a class certified and has retained an expert to defeat certification and the Class claims (an expert affidavit has already been filed with the Court). Additional time consuming and expensive law and motion proceedings would be necessary to narrow or eliminate the claims and defenses both at the certification stage and the trial stage. The time and expense of further litigation could potentially negatively impact OfficeMax's business operations and would interfere with potential Class members' opportunity to obtain benefits promptly. Accordingly, the settlement at this stage in the litigation benefits the Court, the Parties, and the Class.

6. Through mutual exchange of formal discovery, Plaintiffs believe they have discovered both the evidence needed to establish their *prima facie* cases and to address the full range of contentions advanced by OfficeMax. In that process, among other things, OfficeMax provided Plaintiffs with information relating to its policies and practices regarding the collection of personal identification information. As such, while OfficeMax disagrees with Plaintiffs' assessment of the evidence produced, OfficeMax agrees that counsel for each of the Parties has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial.

7. OfficeMax estimates that from March 1, 2010 through February 22, 2011, it requested and recorded approximately 2.6 million ZIP codes. While OfficeMax disputes whether any given ZIP code capture was a violation of the Song-Beverly Credit Act, it admits for the limited purposes of settlement that the numerosity requirement is satisfied.

    8.    In this case, there are multiple "common issues" affecting the entire Class and OfficeMax's liability; mainly, whether OfficeMax's conduct of requesting and recording customers' ZIP codes from its credit card customers violates California Civil Code section 1747.08. Though the Parties dispute whether any given transaction in fact constitutes a violation of section 1747.08, the issue is nonetheless common amongst the Class.

    9.    Plaintiff Dardarian alleges that she was exposed to the same alleged unlawful policy and practice of OfficeMax. Specifically, Plaintiff Dardarian alleges that OfficeMax requested and recorded her ZIP code during a consumer credit card purchase transaction at a California retail store which constituted a violation of section 1747.08. Importantly, Plaintiff Dardarian does not allege any claims or facts unique to themselves. Thus, the requirement of typicality is satisfied.

    10.    Proposed Class Counsel are qualified and experienced in conducting class action litigation. Attached as Exhibit '2' is a true and correct copy of the Firm Resume of Stonebarger Law, APC. My firm, Stonebarger Law, APC, substantially concentrates its practice in the prosecution of class actions and I have successfully served as Class Counsel or Co-Class Counsel prosecuting numerous Class Actions to Judgment against large corporations for violations of California's Song-Beverly Credit Card Act, recovering tens of millions of dollars in benefits for California consumers.

    11.    Hoffman Libenson Saunders & Barba also has substantial experience in the prosecution of class actions and has served as Class Counsel or Co-Class Counsel prosecuting numerous Class Actions to Judgment.

    12.    Based upon Class Counsel's substantial experience, Class Counsel believes the present settlement is in the best interest of the Class members due to the significant recovery to the Class members, without any risk of the Class not being certified and not prevailing as to liability and/or civil penalties.

    13.    Attached as Exhibit 'A' to Exhibit '1' hereto is a true and correct copy of the proposed Claim Form in substantially final form relating to the settlement in the above-entitled action.

1  14. Attached as Exhibit 'B' to Exhibit '1' hereto is the proposed Electronic Notice relating to the settlement in the above-entitled action.

15. Attached as Exhibit 'C' to Exhibit '1' hereto is the proposed Short-Form Notice relating to the settlement in the above-entitled action.

16. Attached as Exhibit 'D' to Exhibit '1' hereto is the proposed Full Notice relating to the settlement in the above-entitled action.

17. Attached as Exhibit 'E' to Exhibit '1' hereto is a true and correct copy of the Proposed Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification in substantially final form in the above-entitled action.

18. Attached as Exhibit 'F' to Exhibit '1' hereto is a true and correct copy of the Proposed Final Judgment and Order Approving Settlement in the above-entitled action.

I declare under penalty of perjury that the facts stated in this declaration are true and correct, and that this declaration was executed on September 12, 2013 in Folsom, California.

/s/ Gene J. Stonebarger
Gene J. Stonebarger

-4-
DECLARATION OF GENE J. STONEBARGER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT