UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NANCY DARDARIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICEMAX NORTH AMERICA, INC., an Ohio corporation,<br><br>Defendant. | Case No. 4:11-cv-00947 YGR<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION** |
| NATHAN THOMS, individually and on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICEMAX NORTH AMERICA, INC., an Ohio corporation; and DOES 2 through 50, inclusive,<br><br>Defendants. | Case No. 4:11-cv-002233 YGR |

[PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiff Nancy Dardarian in the above-captioned action has submitted an unopposed Motion for entry of an Order Granting Preliminary Approval to Class Action Settlement, determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval. After consideration of the Settlement Agreement and the exhibits attached thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. **Defined Terms.** The Court adopts the defined terms set forth in the Settlement Agreement for purposes of this Order, unless otherwise specified.

2. **Preliminary Approval of Settlement.** The Settlement Agreement, including the Claim Form, Electronic Notice, Short-Form Notice, and Full Notice attached as Exhibits A-D to the Settlement Agreement are preliminary approved, subject to further consideration at the Final Approval Hearing. The Court concludes that the proposed settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and for Defendant OfficeMax North America, Inc. ("OfficeMax") to provide Notice of the proposed settlement to the Settlement Class.

3. **Provisional Certification.** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class is provisionally certified as "all persons who, between March 1, 2010 and February 22, 2011, used a consumer credit card to make a purchase in an OfficeMax retail store located in California, and whose personal ZIP code was requested and recorded in conjunction with the consumer credit card transaction. Excluded are persons from whom OfficeMax requested and recorded a ZIP code for a special purpose incidental, but related to the consumer credit card transaction, including, but not limited to, shipping, delivery, servicing, installation, special orders, customer loyalty program applications, and OfficeMax-branded credit card applications."

4. **Appointment of Class Representative and Class Counsel.** Plaintiff Nancy Dardarian is conditionally appointed as the Class Representative to implement the proposed settlement in accordance with the Settlement Agreement. The law firms of Stonebarger Law,

APC and Hoffman Libenson Saunders & Barba are appointed as Class Counsel. The Class Representative and Class Counsel must fairly and adequately protect the interests of the Settlement Class.

5. **Provision of Notice to the Settlement Class.** OfficeMax shall provide Notice to the Settlement Class Members of the proposed settlement in the manner specified in Section 3.2 of the Settlement Agreement and will pay all costs associated with claims administration and providing notice to Settlement Class Members pursuant to Section 2.7 of the Settlement Agreement.

6. **Request for Exclusion (Opt Out).** Settlement Class Members who want to be excluded from the proposed settlement must submit a written, signed Request for Exclusion to the Settlement Administrator, within forty five (45) days of the deadline set by the Court for OfficeMax to provide In-Store, Publication and Electronic Notice. The Request for Exclusion must set forth: (a) the name of this Action; (b) the full name, address, and telephone number of the person requesting to be excluded; (c) the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at an OfficeMax store located in California between March 1, 2010 and February 22, 2011; (d) the location of the OfficeMax store(s) in which the credit card transaction(s) took place; (e) the words "Request for Exclusion" at the top of the document; and (f) a declaration stating "I request that I be excluded from the Settlement in *Nancy Dardarian v. OfficeMax North America, Inc.,*(Case No. 4:11-cv-00947-YGR). I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the settlement."

7. **Claim for the Class Benefit.** Settlement Class Members who want to receive the Claimant Benefit under the Settlement Agreement (an OfficeMax Merchandise Voucher with a value in accordance with the provisions of Section 2.3(a) of the Settlement Agreement) must submit a complete and timely Claim Form to the Settlement Administrator no later than forty five (45) days after the deadline set by the Court for OfficeMax to provide In-Store, Publication and Electronic Notice.

8. **Objection to Settlement.** Settlement Class Members who have not submitted a timely Request for Exclusion and who want to object to the proposed settlement, must file a signed, written objection with this Court and serve copies on Class Counsel and OfficeMax's Counsel, within forty five (45) days of the deadline set by the Court for OfficeMax to provide In-Store, Publication and Electronic Notice. Written objections must set forth (a) the name of this Action; (b) the full name, address, and telephone number of the person objecting; (c) the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at an OfficeMax store located in California between March 1, 2010 and February 22, 2011; (d) the location of the OfficeMax store(s) in which the credit card transaction(s) took place; (e) the word "Objection" at the top of the document; and (f) the legal and factual arguments supporting the objection.

9. **Notice of Intention of Appear at Fairness Hearing.** Any Settlement Class Member who wishes to be heard at the Fairness Hearing must file a signed, written Notice of Intention to Appear with the Court and serve copies on Class Counsel and OfficeMax's Counsel, within forty five (45) days of the deadline set by the Court for OfficeMax to provide In-Store, Publication and Electronic Notice. The Notice of Intention to Appear must set forth: (a) the name of this Action; (b) the full name, address, and telephone number of the person intending to appear at the Fairness Hearing; (c) the date of any transaction(s) in which the putative Settlement Class Member used a consumer credit card to make a purchase at an OfficeMax store located in California between March 1, 2010 and February 22, 2011; (d) the location of the OfficeMax store(s) in which the credit card transaction(s) took place; (e) the words "Notice of Intention to Appear" at the top of the document; (f) the points the person wishes to speak about at the Fairness Hearing; and (g) the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

10. **Timelines.** For purposes of determining timeliness for Settlement Class Member submissions of Requests for Exclusion, Claim Forms, Objections, or Notices of Intention to Appear, the submission shall be deemed to have been made on the date postmarked by the postal service or other expedited delivery service.

1    11.    **Failure to Act.**  Settlement Class Members who do nothing (i.e., they do not submit a Claim Form, do not submit a Request for Exclusion, or do not object), will be included in the Settlement Class and will be bound by the terms of the Settlement Agreement, if the Court grants final approval of the proposed settlement.  These Settlement Class Members will neither receive the Class Benefit nor be able to pursue any other lawsuit against OfficeMax concerning or relating to the claims alleged in this Action.

12.    **Effect of Termination of Settlement Agreement.**  If the Settlement Agreement terminates for any reason, the following will occur: (a) Settlement Class certification will be automatically vacated; (b) plaintiff Nancy Dardarian will stop functioning as Class Representative; and (c) this action will revert to its pervious status in all respects as it existed before the Parties executed the Settlement Agreement.  This Order does not waive or otherwise impact the Parties' rights or arguments.

13.    **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

14.    **Stay of Proceedings.**  All discovery deadlines, dispositive and class certification motion deadlines, dispositive and class certification hearing dates, pretrial proceeding deadlines, and trial are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement.

15.    **Deadlines.**  The Court sets the following deadlines:

   a.    OfficeMax shall provide Notice to the Settlement Class within forty two (42) days of the date of entry of this Order.

   b.    Plaintiffs Nancy Dardarian and Nathan Thoms shall file and serve all papers supporting their request for attorneys' fees and costs and Nancy Dardarian's incentive award within forty five (45) days of the date of entry of this Order.  OfficeMax shall file and serve its response/opposition thereto (if any) within forty five (45) days of receipt of Plaintiffs' motion/petition.

      c.    Settlement Class Members shall submit Requests for Exclusion, objections, or Claim forms, if they so elect, within eighty seven (87) days of the date of entry of this Order.

      d.    Responses to any objections submitted by Settlement Class Members shall be filed within one hundred twenty (120) days of the date of entry of this Order.

      e.    Plaintiff Nancy Dardarian's Motion for Final Approval of the Settlement Agreement and any other papers supporting Final Approval shall be filed within one hundred twenty (120) days of the date of entry of this Order.

      f.    On _____, 2014, at _____ this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. The Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, other than posting the new date on the Settlement Website maintained by the Settlement Administrator, OfficeMax will not be required to provide additional notice to Settlement Class Members.

      e.    The hearing on Plaintiffs' Motion for Attorneys' Fees and Costs is to be determined by the Court after the redemption period for the Merchandise Vouchers has ended and the redemption levels determined. Specifically, within 14 days after the end of the redemption period for the Merchandise Vouchers, and before the Court determines the amount of fees to award Plaintiffs' counsel, OfficeMax shall file a report evidencing how many $5 and $10 merchandise vouchers were redeemed respectively. Plaintiffs shall file a Supplemental Brief in Support of their Motion for Attorneys' Fees and Costs within 14 days of the filing of said report and shall set a Hearing on the Motion with the Court 35 days after the filing of the Supplemental Brief. OfficeMax may file a response within 10 days after Plaintiffs file their Supplemental Brief in Support of their Motion for Attorneys' Fees and Costs.

**IT IS SO ORDERED.**

DATED: _____, 2013

_____
Hon. Yvonne Gonzalez Rogers